■ In the Matter of ELLIOT SALTZMAN, as Judgment Creditor of Bert Liebman, et al., Appellants-Respondents, v ROBERT NOVA, Respondent-Appellant, and HAMILTON EQUITIES, INC., et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered January 16, 1979, insofar as appealed from, denying Saltzman's application for judgment against Hamilton Equities, Inc., and Hamilton Equities Company, modified, on the law, by directing judgment against Hamilton Equities, Inc., and by granting Saltzman leave to renew the branch of the application as against Hamilton Equities Company at Special Term upon presentation of the proper proof, or to take such other action as is appropriate and, as modified, affirmed, without costs. Cross appeal of Robert Nova from that same order and judgment dismissed as abandoned, without costs. The agreement of May 15, 1974 was assigned by the Pullmans to Hamilton Equities, Inc. (Hamilton) prior to the agreement of March 21, 1975. The latter agreement recognizes this assignment and is, in fact, executed by Alan Pullman in his capacity as vice-president of Hamilton. Because Hamilton is a party to the agreement of March 21, 1975, it is obligated under paragraph one thereof to indemnify the Liebmans for Saltzman's claims arising prior to the agreement of May 15, 1974. Hence, Hamilton is liable for the unsatisfied judgment obtained by Saltzman against the Liebmans. In view of the fact that Hamilton was not a party to the agreement of July 21, 1975, this last agreement could not affect Hamilton's continuing obligation of indemnification under the agreement of March 21, 1975. Saltzman did not adequately establish in his present papers that Hamilton Equities Company is the "alter ego" of Robert Nova. Nonetheless, since there is some indication in the record that Saltzman may be able to establish that fact, the branch of the application seeking recovery against Hamilton Equities Company is denied with leave to renew at Special Term upon the presentation of proper proof in that matter, or to take such other action as is appropriate. Concur—Murphy, P. J., Sullivan, Silverman, Bloom and Yesawich, JJ.